OPINION *Page 2 
{¶ 1} On June 29, 2006, the Muskingum County Grand Jury indicted appellant, Ronald Lynn, Jr., on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03 and one count of permitting drug abuse in violation of R.C. 2925.13. One of the aggravated trafficking counts contained a juvenile specification.
 {¶ 2} On September 14, 2006, appellant pled guilty to the charges except for the juvenile specification which had been dismissed. By entry filed October 27, 2006, the trial court sentenced appellant to an aggregate term of three years in prison. No appeal was taken.
 {¶ 3} On July 16, 2007, appellant filed a motion for postconviction relief, claiming ineffective assistance of counsel regarding his three year sentence. Appellant was under the impression he was going to receive two years. By entry filed July 17, 2007, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE LOWER TRIBUNAL, THE MUSKINGUM COURT OF COMMON PLEAS, COMMITTED REVERSABLE ERROR IN NOT CONDUCTING AN EVIDENTIARY HEARING OF APPELLANT'S POST-CONVICTION RELIEF MOTION ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL, FILED PURSUANT TO R.C. 2953.21, OR ATTACHING PORTIONS OF THE RECORD IN ITS DENIAL ORDER THAT CONCLUSIVE REFUTE THE APPELLANT'S CLAIMS. APPELLANT IS *Page 3 
ENTITLED TO HAVE HIS SENTENCE ADJUSTED OR/AND AN EVIDENTIARY HEARING."
 I {¶ 6} Appellant claims the trial court erred in failing to conduct an evidentiary hearing and in denying his motion for postconviction relief. We disagree.
 {¶ 7} R.C. 2953.21 governs petitions for postconviction relief. Subsection (A)(2) states the following:
 {¶ 8} "(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 9} Appellant was sentenced on October 27, 2006. No appeal was taken therefore, appellant's petition for postconviction relief was due one hundred eighty days after November 26, 2006. See, App. R. 4. Appellant's petition filed on July 16, 2007, was untimely.
 {¶ 10} Pursuant to R.C. 2953.23(A)(1), a trial court may consider an untimely petition for postconviction relief only if both of the following apply:
 {¶ 11} (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the *Page 4 
claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 12} (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 13} In his appellate brief, appellant does not argue that R.C. 2953.23(A)(1) applies to his untimely motion. Instead, appellant sets forth the arguments from his postconviction motion, to wit: ineffective assistance of counsel regarding his three year sentence.
 {¶ 14} Because appellant's motion did not meet the requirements for untimely filing under R.C. 2953.23(A)(1), the trial court did not err in denying the motion for postconviction relief.
 {¶ 15} As for appellant's argument that the trial court erred in failing to hold an evidentiary hearing, when a petition for postconviction relief is filed untimely and does not meet the requirements of R.C. 2953.23(A)(1), a trial court lacks jurisdiction to entertain the merits of the petition or hold a hearing. State v.Bird (2000), 138 Ohio App.3d 400; State v. Halliwell (1999),134 Ohio App.3d 730.
 {¶ 16} The trial court did not err in failing to conduct an evidentiary hearing on appellant's motion as it was untimely filed. *Page 5 
 {¶ 17} The sole assignment of error is denied.
 {¶ 18} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. *Page 1