[Cite as *State v. Holland*, 2012-Ohio-1404.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CAO-122 |
| BRIAN E. HOLLAND | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Licking County Court of Common Pleas, Case No. 10CR628

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      March 28, 2012


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

KENNETH OSWALT
Licking County Prosecutor
BY: JUSTIN T. RADIC
20 South Second St., 4th Floor
Newark, OH 43055

BRIAN E. HOLLAND  PRO SE
#647-963 BECI
P.O. Box 540
St. Clairsville, OH  43950

*Gwin, P.J.*

{1} Defendant-appellant Brian E. Holland appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which found his petition to vacate or set aside judgment of conviction or sentence is untimely and a duplication of his direct appeal. Appellant assigns two errors to the trial court:

{2} "I. TRIAL COURT ERRORED [SIC] WHEN IT DISMISSED PETITION FOR POST CONVICTION RELIEF O.R.C. 2953.21.

{3} "II. TRIAL COURT ERRORED [SIC] WHEN IT RULED THAT PETITIONER'S DIRECT APPEAL AND POST CONVICTION PETITION ARE A DUPLICATION OF EACH OTHER."

{4} The State concedes appellant's petition for post-conviction relief was filed within the time required by R.C. 2953.21 (A)(2).

{5} Appellant argues the trial court erred in not granting him an evidentiary hearing on the merits of his motion. An evidentiary hearing is not automatically required for every petition seeking post-conviction relief. *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, at ¶ 51. While a trial court does not have jurisdiction to review an untimely petition unless it meets with certain exceptions, if it is timely, the court must determine if the petition sets forth sufficient operative facts to establish substantive grounds for relief. R.C. 2953.21(G). The statute requires a court to make findings of fact and conclusions of law if it finds there are no grounds for granting relief.

{6} The trial court found the petition was untimely, and did not make findings of fact and conclusions of law. Because we find the petition was filed in a timely manner, we reverse and remand with instructions for the court to review merits of the petition

and determine if a hearing is necessary. If the court determines no hearing is necessary it should make the appropriate findings of fact and conclusions of law.

{7}   The first assignment of error is sustained. The second assignment of error is premature.

{8}   For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J., and

Wise, J., concur

Hoffman, J., dissents


_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE

WSG:clw 0321

*Hoffman, J., dissenting*

{¶9}    I respectfully dissent from the majority opinion.

{¶10}    The trial court found Appellant's petition was a duplication of his direct appeal.   Although sparse, such finding nevertheless can support its "undesignated" legal conclusion Appellant's petition is barred by res judicata.


_____

HON. WILLIAM B. HOFFMAN

[Cite as *State v. Holland*, 2012-Ohio-1404.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRIAN E. HOLLAND | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CAO-122 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE