[Cite as *State v. Holland*, 2013-Ohio-905.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| BRIAN E. HOLLAND | : | Case No. 12-CA-56 |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Case No. 10 CR 628


JUDGMENT:     AFFIRMED


DATE OF JUDGMENT ENTRY:     February 26, 2013


APPEARANCES:

For Appellant:

BRIAN E. HOLLAND, *pro se*
#647963 FMC Zone B
P.O. Box 23651
Columbus, OH 43223

For Appellee:

KENNETH OSWALT
LICKING CO. PROSECUTOR
BRIAN WALTZ
20 S. Second St., 4th Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Brian E. Holland appeals from the June 19, 2012 judgment entry of the Licking County Court of Common Pleas overruling his petition for post-conviction relief. Appellee is the state of Ohio.

{¶2} Appellant also has a pending represented appeal from the trial court's judgment entry of March 23, 2012, which arises from the same underlying case. The appeals are not consolidated and therefore shall be determined separately.

*FACTS AND PROCEDURAL HISTORY*

{¶3} A statement of the facts underlying appellant's conviction upon one count of illegal manufacture of methamphetamine and one count of illegal assembly or possession of chemicals for the manufacture of methamphetamine is not necessary to disposition of this appeal.

{¶4} Appellant's "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" filed on November 1, 2011, asserts a number of grounds for relief, paraphrased here: 1) appellant should have been able to confront "Mr. Nard" and "Mr. Stevens" at trial but neither witness was called by appellee; 2) the prosecutor committed misconduct by referring to co-defendants when (allegedly) no one else was charged; 3) his conviction was against the manifest weight and sufficiency of the evidence; 4) Nard and Stevens were (allegedly) not prosecuted but appellant was; and 5) appellant received ineffective assistance of trial counsel because counsel did not object to the mention of "co-defendants" and appellant's complicity therewith.

{¶5} Appellant subsequently filed "Respectfully Asks this Court for Leave to Admend Postconviction Petition with Evidence to Support A Evidentiary Hearing (Two

Sworn Statements)" (*sic* throughout). The affidavit of Charles Hess states in pertinent part: I Charles E. Hess Sr. was present during [appellant's] trail and I know that Derek A. Stevens and Jyron L. Nard was not charged or co-defendants in [appellant's] trail" (*sic* throughout). The affidavit of Jeannie West states in pertinent part: "I Jeannie West know that Derek A. Stevens and Jyron L. Nard was not co-defendants or charged with any crime during [appellant's] trail" (*sic* throughout).

{¶6} Appellee responded to appellant's petition for post-conviction relief on May 8, 2012, and appellant replied. In his reply, appellant included a third affidavit which states in pertinent part: "I Karla Swick, who resides at 22 Parker Avenue Newark Ohio 43055 talked to Jyron Nard and he stated to me that he along with Darrick Stevens were not charged with any crime in return for testimony against [appellant]" (*sic* throughout).

{¶7} The trial court first overruled appellant's petition for post-conviction relief on November 9, 2011, finding the petition was untimely and duplicated appellant's direct appeal. Appellant appealed from that decision. We found the petition was timely filed and reversed and remanded the matter to the trial court with instructions to review the merits of the petition and to determine whether a hearing is necessary. *State v. Holland*, 5th Dist. No. 2011-CAO-122, 2012-Ohio-1404, at ¶ 6. If the trial court determined no hearing was necessary, we noted "it should make appropriate findings of fact and conclusions of law." Id.

{¶8} On June 19, 2012, the trial court again denied appellant's petition for post-conviction relief on the basis of res judicata, finding appellant's claims were raised or could have been raised at trial or on direct appeal.

{¶9} Appellant now appeals from the judgment entry of the trial court denying his petition for post-conviction relief.

{¶10} Appellant raises two Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED BY IMPROPERLY DISMISSING APPELLANTS (*sic*) PETITION FOR POST-CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING BECAUSE APPELLANTS (*sic*) PETITION WITH IT'S (*sic*) SUPPORTING AFFIDAVITS CONTAINED SUFFICIENT OPERTIVE (*sic*) FACTS TO DEMONSTRATE A SUBSTANTIVE GROUND FOR RELIEF."

{¶12} "II. TRIAL COURT ERRED BY FINDING THAT PETITIONERS OUTSIDE THE RECORD AFFIDAVITS BY KARLA SWICK, CHARLES HESS AND JENNIE WEST WERE DEFECTIVE." (*sic*)

### I., II.

{¶13} Appellant's two assignments of error assert the trial court erred in overruling his petition for post-conviction relief without a hearing and in finding the affidavits he submitted were defective. We disagree.

{¶14} We will address appellant's second assignment of error first. Appellant appeals from the trial court's June 19, 2012 decision, which addresses each argument raised in appellant's petition, including those supported by the affidavits he provided. We are unable to find any decision of the trial court in the record which states appellant's affidavits were "defective," and appellant has not appealed from any such ruling. Appellant's second assignment of error is therefore overruled on that basis.

{¶15} We further find the trial court did not abuse its discretion in denying appellant's petition without a hearing and agree the arguments set forth by appellant are barred by res judicata.

{¶16} When a defendant files a post-conviction petition pursuant to R.C. 2953.21, the trial court must grant an evidentiary hearing unless it determines that the files and records of the case show that the petitioner is not entitled to relief. R.C. 2953.21(E). A trial court may also dismiss a petition for post-conviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 1996–Ohio–337, 671 N.E.2d 233. "Res judicata is applicable in all post-conviction relief proceedings." *Id.* at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Id.*

{¶17} We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction petition without a hearing. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶18} All but one of appellant's arguments here arise from his allegation that two individuals present at the scene of his arrest were not arrested or charged with any crime, although appellee referred to them at trial as "co-defendants." Each of these arguments could have been raised at trial or upon direct appeal. These individuals could have been called as witnesses at trial. Any alleged ineffectiveness

by trial counsel in connection with those witnesses, which appellant does not articulate, is properly a matter for direct appeal. Finally, appellant fails to demonstrate how criminal charges against those individuals, or the lack thereof, has any bearing on his culpability. He has not demonstrated any invidious motive or bad faith that might permit us to infer he is trying to articulate an argument based upon discriminatory treatment. See, *State v. Freeman*, 20 Ohio St.3d 55, 58, 485 N.E.2d 1043 (1984).

{¶19} Appellant's final argument, that his convictions are against the manifest weight and sufficiency of the evidence, is also a matter for direct appeal and is the sole assignment of error in appellant's contemporaneous appeal pending before us in Fifth District Court of Appeals, Licking County case number 11-CA-47.

{¶20} We find, therefore, the trial court did not abuse its discretion in overruling appellant's petition for post-conviction relief without a hearing. Appellant's two assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRIAN E. HOLLAND | : | |
| | : | |
| | : | Case No. 12-CA-56 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN