[Cite as *State v. Green*, 2015-Ohio-4441.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15-CA-13 |
| SHANE L. GREEN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal appeal from the Knox County Court of Common Pleas, Case No. 08CR01-0004

JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: October 23, 2015


APPEARANCES:

For Plaintiff-Appellee

CHARLES T. MCCONVILLE
Knox County Prosecuting Attorney
117 East High Street, Ste. 234
Mount Vernon, OH 43050

For Defendant-Appellant

SHANE L. GREEN PRO SE
Marion Correctional Institution
Box 57
Marion, OH 43301

*Gwin, P.J.*

{¶1}    Appellant appeals the April 3, 2015 judgment entry of the Knox County Common Pleas Court treating his motion to vacate and dismiss void judgment as a motion for post-conviction relief and denying the motion.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    Appellant Shane Green was indicted on January 8, 2008, by the Knox County Grand Jury on one count of rape of a child under the age of ten, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree.  Appellant was accused of raping his eight-year-old biological daughter.

{¶3}    After a jury trial, appellant was convicted of both counts and sentenced to a definite term of life imprisonment on Count One and a term of five years on Count Two, with the terms to run consecutively.  On June 18, 2008, appellant appealed his conviction to this Court.  In *State v. Green*, 5th Dist. Knox No. 08-CA-20, 2009-Ohio-2065.  In this direct appeal, appellant argued as follows: (1) the indictment was defective; (2) ineffective assistance of trial counsel; and (3) the mens rea in the jury instructions was incorrect.  The transcript was filed with this Court on July 28, 2008.  On May 1, 2009, this Court affirmed the judgment of the Knox County Court of Common Pleas.  *Id.*

{¶4}    On March 11, 2015, appellant filed a motion to vacate and dismiss void judgment.  Appellant argued that the trial court lacked jurisdiction over him because he was not sworn in under oath during the grand jury proceedings, the indictment was defective, and the arrest warrant issued for him was not valid.  Appellee filed a

memorandum of objection on March 13, 2015. Appellant filed a rebuttal on March 26, 2015. On April 3, 2015, the Knox County Court of Common Pleas issued a judgment entry denying appellant's motion. The trial court treated the motion as a motion for post-conviction relief due to the fact that appellant contends his constitutional rights were violated. The trial court found appellant's motion for post-conviction relief was untimely and was barred due to res judicata.

{¶5} Appellant appeals the April 3, 2015 judgment entry of the Knox County Court of Common Pleas and assigns the following as error:

{¶6} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ORDERING AN EVIDENTIAL HEARING ON A CHALLENGE OF JURISDICTION OF PERSONAM AND SUBJECT-MATTER.

{¶7} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S CHALLENGE OF JURISDICTION IN RESPONSE OF RULING DEFENDANT'S CHALLENGE OF JURISDICTION AS A POST-CONVICTION PETITION."

II.

{¶8} For ease of discussion, we will first address appellant's second assignment of error. Appellant claims the trial court erred and abused its discretion in construing his motion as a petition for post-conviction relief. Instead, appellant argues that he is challenging the jurisdiction of the trial court to convict him.

{¶9} Appellant cites to *State v. Davies* in support of his argument that his challenge is one of subject matter jurisdiction. 11th Dist. Ashtabula No. 2012-A-0034, 2013-Ohio-436. *Davies* involved a subject matter jurisdiction challenge to a

misdemeanor conviction where the defendant was charged in a criminal complaint subject to Criminal Rule 3. *Id.* However, *Davies* is distinguishable from the instant case, as appellant was not charged in a criminal complaint subject to the requirements of Criminal Rule 3, but he was indicted by a grand jury.

{¶10} Although appellant couches his motion as a challenge to subject matter jurisdiction, his motion must be treated as a petition for post-conviction relief, regardless of the manner in which appellant actually presents the motion to the court.

{¶11} A motion that is not filed pursuant to a specific rule of criminal procedure "must be categorized by a court in order for the court to know the criteria by which the motion should be judged." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522. Where a defendant, subsequent to a direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined by R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131.

{¶12} Appellant's motion satisfies this definition of a petition for post-conviction relief. First, the motion was filed subsequent to appellant's direct appeal. Further, the motion claims a denial of constitutional rights, as appellant alleges: that his 5th Amendment rights were violated during grand jury testimony; that his indictment was defective in violation of the Ohio Constitution, Section 10, Article 1; and that his arrest warrant was invalid. In his motion, appellant specifically alleges violations of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and under Section 10, Article 1 of the Ohio Constitution. Third, appellant seeks to have the

judgment rendered void. Fourth, appellant states that the remedy he seeks is to vacate and dismiss the judgment.

**{¶13}** Accordingly, the trial court properly construed appellant's motion as a petition for post-conviction relief. See *State v. King,* 5th Dist. Muskingum No. CT2008-0062, 2009-Ohio-412. Appellant's second assignment of error is overruled.

I.

**{¶14}** Appellant contends that the trial court erred by denying his motion without conducting an evidentiary hearing. We disagree. We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction relief petition without a hearing. *State v. Holland*, 5th Dist. Licking No. 12-CA-56, 2013-Ohio-905. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶15}** Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes: (1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and (2) the operation of res judicata to bar the constitutional claims raised in the petition. *Id.*; *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994). In this case, the record reflects that appellant failed to submit any supporting affidavits or other evidentiary documents containing sufficient operative facts to support any of the claims presented.

{¶16} Further, under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233. The allegations appellant makes in his petition concerning the grand jury proceeding, indictment defects, and arrest warrant defects could all have been raised or were raised in his direct appeal. Therefore, the trial court did not abuse its discretion in overruling appellant's motion without a hearing.

{¶17} Finally, as appellant's motion is properly construed as a petition for post-conviction relief, it is apparent that it should have been denied or dismissed without a hearing because it was filed well beyond the time limits set by R.C. 2953.21. R.C. 2953.21 requires that a petition for post-conviction relief be filed no later than three hundred sixty five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. In this case, the transcript was filed with this Court on July 28, 2008. Appellant has made no attempt to show that any of the exceptions to R.C. 2953.23(A)(1) applies to his untimely motion. When a petition for post-conviction relief is filed untimely and does not meet the requirements of R.C. 2953.23(A)(1), a trial court lacks jurisdiction to entertain the merits of the petition or hold a hearing. *State v. Lynn*, 5th Dist. Muskingum No. CT2007-0046, 2008-Ohio-2149. Accordingly, the trial court did not err in failing to conduct an evidentiary hearing on the motion as it was untimely filed. *Id.*

{¶18}  The trial court did not abuse its discretion in denying appellant's motion without conducting an evidentiary hearing.  Appellant's first assignment of error is overruled.

{¶19}  Based on the foregoing, appellant's assignments of error are overruled. The April 3, 2015 judgment entry of the Knox County Common Pleas Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur