[Cite as *State v. Oglesby*, 2015-Ohio-4931.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15CA42 |
| JOSEPH OGLESBY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No.
                             2012CR0573

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      November 23, 2015

APPEARANCES:



For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL M. ROGERS                          JOSEPH OGLESBY  PRO SE
Assistant Richland County Prosecutor      Richland Correctional Institution
38 South Park Street, 2nd Fl.             Box 8107
Mansfield, OH 44902                       Mansfield, OH 44901

*Gwin, P.J.*

{¶1}  Defendant-appellant Joseph Oglesby appeals the April 22, 2015 judgment entry of the Richland County Court of Common Pleas denying his motions as untimely and based upon res judicata.  Appellee is the State of Ohio.

*Procedural History*

{¶2}  A statement of facts underlying Oglesby's original conviction is unnecessary to our disposition of this appeal.  In October of 2012, appellant was indicted with: one count of felonious assault for causing serious physical harm, a felony of the second degree with an attached three year firearm specification; one count of felonious assault with a deadly weapon, a felony of the second degree with an attached three year firearm specification; one count of tampering with evidence, a felony of the third degree; and one count of having weapons while under disability, a felony of the third degree.

{¶3}  On January 14, 2013, appellant pled guilty to Count 1, Count 3 and Count 4.  Appellee dismissed Count 2 and amended the firearm specification attached to Count 1 from three years to one year.  On March 4, 2013, appellant was sentenced to two years in prison on Count 1, with one year in prison on the firearm specification, to be run consecutively by operation of law.  On Counts 3 and 4, appellant was sentenced to two-and-a-half years of community control to begin upon the completion of his prison sentence.  The trial court filed a sentencing entry on March 5, 2013.  Appellant did not file a direct appeal.

{¶4}  On January 13, 2015, appellant filed a motion to vacate void sentence. Appellant filed a motion to correct illegal sentence or vacate void sentence on January

26, 2015. Appellee filed a response on February 17, 2015. On February 23, 2015, appellant filed a motion to vacate sentences as void due to lack of subject matter jurisdiction and pursuant to the Sixth Amendment of the U.S. Constitution, Section 10, Article 1, Fourth Amendment of the U.S. Constitution, and Section 14 Article I of the Ohio Constitution. Appellant filed a reply on March 13, 2015. Appellee filed a response to appellant's February motion on March 27, 2015. The trial court set appellant's motions for non-oral hearing on March 27, 2015.

{¶5} On April 22, 2015, the trial court issued a judgment entry overruling appellant's motions. The trial court treated the motions as petitions for post-conviction relief. The trial court found appellant's petitions for post-conviction relief were untimely and were barred due to res judicata.

{¶6} Appellant appeals the April 22, 2015 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶7} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO CORRECT ILLEGAL SENTENCE, OR, IN THE ALTERNATIVE, VACATE VOID SENTENCE.

{¶8} II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE AND VOID WEAPONS WHILE UNDER DISABILITY CONVICTION AS THE COURT WAS WITHOUT SUBJECT MATTER JURISDICTION."

I. & II.

{¶9} Appellant argues, in his two assignments of error, that the trial court erred in overruling his motions. Appellant contends that his sentence is void because the trial

court: imposed consecutive sentences without making the requisite findings; committed plain error by failing to merge the convictions on Counts 1, 3, and 4; and included in the sentencing entry a sentence not imposed during the sentencing hearing. Appellant also argues in his motion that the trial court lacked subject matter jurisdiction to impose a sentence for having weapons under disability and ineffective assistance of trial counsel.

{¶10} Appellant contends that he is not filing petitions for post-conviction relief, but instead is challenging the subject matter jurisdiction of the trial court to sentence him. Jurisdiction "means the courts' statutory or constitutional power to adjudicate the case." (Internal quotations and citations omitted). *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. Pursuant to R.C. 2931.03, the court of common pleas has subject matter jurisdiction of criminal cases. *State v. Mitchell*, 5th Dist. Guernesy No. 07-CA-17, 2008-Ohio-101. A common pleas court has original jurisdiction in felony cases and its jurisdiction is invoked by the return of an indictment. *Click v. Eckle*, 174 Ohio St. 88, 186 N.E.2d 731 (1962). The indictment in the instant case charged appellant with several felonies alleged to have occurred in Richland County, Ohio. The Richland County Court of Common Pleas therefore had subject matter jurisdiction over appellant's case. See *State v. Deresse*, 5th Dist. Licking No. 14-CA-31, 2014-Ohio-4234.

{¶11} We find that although appellant couches portions of his motions as challenges to subject matter jurisdiction, his motions must be treated as petitions for post-conviction relief, regardless of the manner in which appellant actually presents the motions to the court.

{¶12} The Supreme Court of Ohio set forth the standard by which post conviction motions are to be reviewed in light of R.C. 2953.21: "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131.

{¶13} The *Reynolds* court explained that, despite the caption or the manner in which a defendant presents a motion to the court, a motion meets the definition of a petition for post conviction relief if it is: (1) filed subsequent to a direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment entry and sentence. *Id.*

{¶14} Accordingly, in reviewing appellant's motions, we find them to be petitions for post conviction relief as defined in R.C. 2953.21. The motions were filed subsequent to the time for a direct appeal, claimed a denial of his constitutional rights, seek to render the judgment void, and asks for vacation of the judgment and sentence.

{¶15} R.C. 2953.21(A)(2) governs the time within a petition for post-conviction relief must be filed and provides as follows:

Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed

no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

**{¶16}** In this case, appellant did not file a direct appeal. Because the sentencing entry was issued on March 5, 2013, appellant had until April 5, 2013 to file a direct appeal. Thus, appellant had until April 5, 2014 to file a timely petition for post-conviction relief. His first motion was not filed until January of 2015. Thus, it is clear that appellant's motions were filed beyond the time requirement in R.C. 2953.21(A).

**{¶17}** However, pursuant to R.C. 2953.23(A), the court may consider an untimely petition for post conviction relief:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

a. Either the petitioner shows that the petitioner was unavoidably prevented from the discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United State Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on the right.

b. The petitioner shows by clear and convincing evidence that, but

for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioners was convicted of * * *.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed * * * and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case * * * and the results of the DNA testing establish, by clear and convincing evidence, establish actual innocence of that felony offense * * *.

{¶18} In this case, appellant pled guilty to the offenses and makes no allegation in his motions that results of DNA testing establish, by clear and convincing evidence, actual innocence of those felony offenses. Appellant's arguments rely exclusively upon what occurred at the sentencing hearing or what is included in the sentencing entry; thus he cannot show that he was unavoidably prevented from the facts upon which he relies on for relief or that this is newly-discovered evidence. Appellant does not set forth any argument in his brief as to the delay in filing, why he meets the exception requirements contained in R.C. 2953.23, or how the petitions otherwise comply with R.C. 2953.23. As such, the trial court properly denied the motions on this basis.

{¶19} We also find that the issues raised by appellant are barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that

judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233. The allegations appellant makes in his motions concerning the imposition of sentences, the sentencing entry, the merger of sentences, consecutive sentences, and ineffective assistance of trial counsel could all have been raised on a direct appeal. Therefore, the trial court properly denied appellant's motions on this basis.

{¶20} In his brief, appellant argues that the trial court erred by denying his motions without conducting an evidentiary hearing. We disagree. We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction relief petition without a hearing. *State v. Holland*, 5th Dist. Licking No. 12-CA-56, 2013-Ohio-905. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶21} Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing include: (1) the failure of the petitioner to set forth sufficient operative facts to establish substantive grounds for relief, and (2) the operation of res judicata to bar the

constitutional claims raised in the petition.  *Id.*; *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994).

**{¶22}**  As discussed above, appellant's arguments are barred by res judicata and thus the trial court did not abuse its discretion in overruling appellant's motions without an evidentiary hearing.  Further, as analyzed above, since appellant's motions are properly construed as petitions for post-convictions relief, it is apparent that they should have been denied or dismissed without a hearing because they were filed well beyond the time limits set by R.C. 2953.21.  *State v. Lynn*, 5th Dist. Muskingum No. CT2007-0046, 2008-Ohio-2149.  Accordingly, the trial court did not err in failing to conduct an evidentiary hearing on the motions as they were untimely filed.  *Id.*

**{¶23}**  Based on the foregoing, appellant's assignments of error are overruled. The April  22, 2015 judgment entry of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur