[Cite as *State v. Rangel*, 2019-Ohio-1844.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-101** |
| GILBERTO RANGEL, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2014 CR 000846.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*G. Michael Goins*, 13609 Shaker Boulevard, Suite 3-A, Cleveland, OH 44120 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Gilberto R. Rangel, appeals the trial court's denial of his petition for postconviction relief as untimely. We affirm.

{¶2} In October 2014, appellant was involved in a motor vehicle accident. His vehicle collided with a minivan carrying four persons. After the collision, he failed field sobriety tests, admitted to drinking a few beers immediately before driving, and had a breath-alcohol concentration of 0.184. Two of the minivan's occupants suffered serious

physical injures, and the remaining two sustained psychological harm.

{¶3} In August 2015, the state filed an information charging appellant with two counts of aggravated vehicular assault, under R.C. 2903.08(A)(1)(a), and one count of operating a motor vehicle under the influence of alcohol, under R.C. 4511.19(A)(1)(a). Two weeks later, appellant entered a guilty plea to all three charges. After accepting the guilty plea, finding him guilty of all charges, and holding a sentencing hearing, the trial court imposed thirty-month terms on the aggravated vehicular assault counts and six-months on the OVI count, consecutive, for an aggregate prison term of 66 months.

{¶4} Appellant pursued a direct appeal of his conviction and sentence, asserting two sentencing assignments and ineffective assistance of trial counsel during sentencing. We affirmed in all respects. *State v. Rangel*, 11th Dist. Lake No. 2015-L-119, 2016-Ohio-7148.

{¶5} On May 21, 2018 appellant filed the at-issue petition for postconviction relief. In the petition, he maintained that his entire conviction is void due to deficient representation. He argued that his attorney coerced him into pleading guilty and failed to adequately prepare for trial, in that he did not investigate the case or interview possible witnesses. In support, appellant advanced affidavits of his employer and various members of his family. Appellant asserted that he was unavoidably delayed in filing his petition because he experienced difficulties in locating two neutral witnesses to the accident.

{¶6} After the state filed a response, the trial court overruled the petition as untimely.

{¶7} In appealing this decision, appellant asserts two assignments:

{¶8} "[1.] The trial court abused its discretion when it denied appellant's post-conviction petition in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

{¶9} "[2.] The trial court erred in denying appellant's post-conviction relief petition where he presented sufficient evidence dehors the record to merit an evidentiary hearing."

{¶10} The time limit for filing a petition for postconviction relief is set forth in R.C. 2953.21(A)(2):

{¶11} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."

{¶12} The foregoing time requirement is jurisdictional; hence, if the requirement is not met, the trial court cannot address the merits of the postconviction petition. *State v. Scott*, 11th Dist. Trumbull No. 2011-T-0027, 2011-Ohio-4887, ¶ 21.

{¶13} Here, there is no dispute that appellant pursued a direct appeal to this court from his conviction and sentence, and that the transcript of the "change of plea" hearing was filed with this court on February 16, 2016. Despite this, he did not file his petition for postconviction relief with the trial court until more than two years later, on May 21, 2018. Thus, appellant failed to satisfy the 365-day time requirement.

{¶14} Nevertheless, appellant argues he satisfied a statutory exception to the 365-day time limit. R.C. 2953.23(A)(1) provides that an untimely postconviction petition shall be considered if both of the following apply:

{¶15} "(a) Either the petitioner shows that the petitioner was unavoidably

3

prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code * * *, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation * * *.

{¶16} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

{¶17} As to subsection (a), appellant asserts that he was unavoidably prevented from submitting a timely petition because he could not locate two neutral witnesses, Cristian Villanueva and Cesar Fuentes. He alleges that his family hired a private investigator to find these witnesses, and that they are aware of facts that would demonstrate he was not at fault in causing the accident.

{¶18} However, although appellant attached seven affidavits to his postconviction petition, Villanueva and Fuentes are not among them. To this extent, his petition and claims of ineffective assistance of trial counsel is not predicated upon them.

{¶19} Appellant's petition is based upon his affidavit and those of his employer and five family members. The majority of the averments in these affidavits pertain to the day of appellant's plea hearing, including that trial counsel was late and could not answer the family's questions concerning the effect of his guilty plea. In presenting these affidavits, appellant does not allege that he had any difficulties in locating any of the supporting affiants or obtaining their affidavits. Accordingly, he has failed to satisfy the R.C. 2953.23(A)(1) exception as there is no showing that he was unavoidably prevented from discovering the facts upon which his petition was predicated.

{¶20} Appellant failed to timely file his postconviction petition or establish an exception. The trial court therefore lacked jurisdiction to review the merits or hold a hearing. *State v. Lynn*, 5th Dist. Muskingum No. CT 2007-0056, 2008-Ohio-2149, ¶ 15. Appellant's assignments of error lack merit.

{¶21} The judgment of the Lake County Court of Common Pleas is affirmed.