[Cite as *State v. Kelly*, 2026-Ohio-2149.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 26 CAA 01 0006 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 16 CRI 07 0351 |
| JERMAINE KELLY, | Judgment:   Affirmed |
| Defendant - Appellant | Date of Judgment Entry: June 5, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, Delaware County Prosecutor by KATHERYN L. MUNGER, for Plaintiff-Appellee; JERMAINE KELLY, Pro se, Defendant-Appellant.

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

**{¶1}**   Appellant was indicted on July 22, 2016, on one count of murder in violation of R.C. 2903.02(A), one count of murder in violation of R.C. 2903.02(B), one count of intimidation of a witness in violation of R.C. 2921.04(B)(2) and two counts of having a weapon under disability in violation of R.C. 2923.13(A)(4). The murder charges and intimidation of a witness charge each carried a gang affiliation specification and firearm specification.

{¶2} Appellant waived his right to a jury trial as to the gang affiliation specification charges and those were heard by a trial judge. The remaining charges were tried before a jury from March 6, 2017, through March 10, 2017.

{¶3} The State dismissed one of Appellant's weapons under disability charge at the close of its case and the jury found Appellant guilty on all other counts and specifications.

{¶4} Appellant was sentenced to a mandatory term of 15 years to life on the first count of murder, plus an additional 6-year mandatory consecutive time for the firearm use and criminal gang specifications. The other counts were merged into the murder charge pursuant to R.C. 2941.25. Appellant was also sentenced to a concurrent term of 36 months on the weapons under disability count.

{¶5} Appellant appealed his convictions to this Court in *State v. Kelly*, 2018-Ohio-378 (5th Dist.). In his direct appeal, Appellant asserted six assignments of error. This Court overruled each of Appellant's assignments and affirmed the trial court's decision.

{¶6} Appellant filed a Motion to Dismiss Indictment - For Lack of Subject-Matter Jurisdiction on October 8, 2025. The State of Ohio filed a Memorandum in response to Defendant's Petition for Post-Conviction Relief Pursuant to R.C. 2953.21 on October 21, 2025. Appellant filed a Motion Contra to State's Response on November 7, 2025.

{¶7} The trial court issued a Judgment Entry Denying Defendant's Petition for Post-Conviction Relief on December 30, 2025.

{¶8} Appellant filed a timely appeal to the trial court's December 30, 2025, decision and asserts the following assignment of error:

{¶9} "I. APPELLANT'S CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW, AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WERE VIOLATED AND DENIED AS THE RESULT OF AN ABUSE OF DISCRETION. THIS ABUSE OF DISCRETION ARISES FROM THE TRIAL COURT/JUDGE IMPROPERLY LABELLING APPELLANT'S MOTION TO DISMISS INDICTMENT AS A PETITION FOR POST-CONVICTION RELIEF, AND, SUBSEQUENTLY, DENYING IT."

## STANDARD OF REVIEW

{¶10} This Court reviews the trial court's decision to dismiss Appellant's Motion to Dismiss Indictment - For Lack of Subject-Matter Jurisdiction under an abuse of discretion standard. A trial court abuses its discretion when it issues a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

## ANALYSIS

{¶11} Appellant's Motion to Dismiss Indictment - For Lack of Subject-Matter Jurisdiction argued that the Indictment failed to state the essential elements of his crimes. Appellant's motion argued that he was not charged with an offense of violence or attempted violence and therefore, his constitutional rights under the fifth, sixth and fourteenth amendments were violated. The trial court treated the motion as a motion for post-conviction relief due to the fact that appellant contends his constitutional rights were violated. The trial court found Appellant's motion for post-conviction relief was untimely and was barred due to res judicata.

{¶12} Appellant argues in his brief that the trial court erred by treating his motion as a motion for post-conviction relief as defined by R.C. 2953.21.

{¶13} R.C. 2953.21(A)(2) states, "[a] petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the

judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."

{¶14} "Where a defendant, subsequent to a direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined by R.C. 2953.21." *State v. Green*, 2015-Ohio-4441, ¶ 11 (5th Dist.).

{¶15} In the case at hand, this Court issued a notice of filing indicating the record in this case had been transmitted and filed on May 22, 2017. Appellant's current motion was filed on October 8, 2025. Appellant's motion was filed later than three hundred and sixty-five days after this Court filed its notice that the transcript of the direct appeal had been filed. Appellant's motion sought vacation of his sentence on grounds that his constitutional rights had been violated.

{¶16} For the foregoing reasons, this Court finds that the trial court's decision to deny Appellant's Motion to Dismiss Indictment - For Lack of Subject-Matter Jurisdiction was not an abuse of discretion.

{¶17} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶18} For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is Affirmed.

{¶19} Costs to Appellant.


By: Montgomery, J.

King, P.J. and

Baldwin, J. concur.