THE STATE EX REL. ROBINSON, APPELLANT, *v.* HURON COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553.]

(No. 2014–1195—Submitted February 3, 2015—Decided April 28, 2015.)

**Per Curiam.**

{¶ 1} We affirm the judgment of the Sixth District Court of Appeals dismissing a petition for a writ of mandamus. The court of appeals correctly dismissed the

petition of appellant, Lawrence D. Robinson, for a writ of mandamus because the issue he asserts is res judicata.

## Facts and procedural history

{¶ 2} In 1975, Robinson was retried and convicted of premeditated murder and felony murder for an incident that occurred in 1973 and was sentenced to two terms of life imprisonment, to be served consecutively.

{¶ 3} Robinson appealed his original conviction and sentence, but they were affirmed. *State v. Robinson*, 6th Dist. Huron No. H–75–009, 1976 WL 188473 (Dec. 3, 1976). He has filed various postconviction motions and petitions. *E.g., State v. Robinson*, 6th Dist. Huron No. H–84–24, 1984 WL 3732 (Dec. 28, 1984) (appeal from motion for postconviction relief); *State v. Robinson*, 6th Dist. Huron No. H–12–025, 2013-Ohio-2941, 2013 WL 3389028, *appeal not accepted*, 137 Ohio St.3d 1411, 2013-Ohio-5096, 998 N.E.2d 511 (appeal from motion for resentencing).

{¶ 4} In May 2014, Robinson filed a petition for a writ of mandamus in the Sixth District Court of Appeals. Respondent, Huron County Court of Common Pleas, moved for dismissal of the petition, and the motion was granted. Robinson appealed to this court.

## Analysis

{¶ 5} The court of appeals correctly dismissed the petition for mandamus because the claim is res judicata. The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381–382, 653 N.E.2d 226 (1995), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969); *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989). With regard to claim preclusion, a final judgment or decree, rendered on the merits by a court of competent jurisdiction, is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *Grava* at 381, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus, and *Whitehead*, paragraph one of the syllabus.

{¶ 6} Robinson filed a similar challenge in a previous case, *State v. Robinson*, 6th Dist. Huron No. H–12–025, 2013-Ohio-2941, 2013 WL 3389028, *appeal not accepted*, 137 Ohio St.3d 1411, 2013-Ohio-5096, 998 N.E.2d 511. In that case, he argued that his sentence for multiple convictions for allied offenses was unconstitutional. *Id.,* ¶ 4. He relied on *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which modified the allied-offenses analysis under R.C. 2941.25. The court of appeals affirmed the denial of Robinson's motion for

resentencing, in part because it concluded that the standard in *Johnson* does not apply retroactively. 2013-Ohio-2941, 2013 WL 3389028, ¶ 10.

{¶ 7} In this case, in contrast, Robinson does not rely on *Johnson,* but on the statute itself and a prestatute case, *State v. Botta,* 27 Ohio St.2d 196, 271 N.E.2d 776 (1971). *Botta* held that when "in substance and effect but one offense has been committed, a verdict of guilty by the jury under more than one count does not require a retrial but only requires that the court not impose more than one sentence." *Id.* at 203. Robinson claims that under *Botta* and the statute, effective in 1974, the courts should have conducted a merger analysis and sentenced him for only one crime.

{¶ 8} However, under the doctrine of res judicata, an existing final judgment or decree binding the parties is conclusive as to all claims that were or could have been litigated in a first lawsuit. *Grava,* 73 Ohio St.3d at 381–382, 653 N.E.2d 226. Res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it. *Id.*

{¶ 9} Robinson asserts that he has brought up the lack of a merger analysis, including *Johnson,* in all his actions from his first appeal. He could have also argued, in all his previous appeals and motions, that the statute itself and *Botta* required the courts to conduct a merger analysis. Therefore, the final judgments in Robinson's previous motions and appeals are conclusive as to all claims regarding the statute and *Botta* because they could have been litigated in the earlier proceedings. His claims in this case are res judicata.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Lawrence Robinson, pro se.

Russell V. Leffler, Huron County Prosecuting Attorney, and Patrick M. Hakos Jr., Assistant Prosecuting Attorney, for appellee.