[Cite as *State v. Green*, 2018-Ohio-1493.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                         |   | JUDGES:                      |
|-------------------------|---|------------------------------|
| STATE OF OHIO           | : | Hon. W. Scott Gwin, P.J.     |
|                         | : | Hon. William B. Hoffman, J.  |
| Plaintiff-Appellee      | : | Hon. Earle E. Wise, J.       |
|                         | : |                              |
| -vs-                    | : |                              |
|                         | : | Case No. 18-CA-3             |
| SHANE GREEN             | : |                              |
|                         | : |                              |
| Defendant-Appellant     | : | <u>OPINION</u>               |

CHARACTER OF PROCEEDING:  Criminal appeal from the Knox County
Court of Common Pleas, Case No.
08CR01-0004

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  April 17, 2018

APPEARANCES:

For Plaintiff-Appellee

CHARLES T. MCCONVILLE
KNOX COUNTY PROSECUTOR
BY: VINCE J. VILLIO
117 East High Street
Mount Vernon, OH 43050

For Defendant-Appellant

SHANE L. GREEN #578-590
MARION CORRECTIONAL INSTITUTION
Box 57
Marion, OH 43301-0057

*Gwin, P.J.*

{¶1}   Appellant appeals the January 22, 2018 judgment entry of the Knox County Court of Common Pleas denying his motion for reconsideration of sentence to correct and resentence.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   Appellant Shane Green was indicted on January 8, 2008, by the Knox County Grand Jury on one count of rape of a child under the age of ten, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and one count of gross sexual imposition, in violation of R.C. 2097.05(A)(4), a felony of the third degree.  Appellant was accused of raping his eight-year-old biological daughter.

{¶3}   After a jury trial, appellant was convicted of both counts and sentenced to a definite term of life imprisonment on Count One and a term of five years on Count Two, with the terms to run consecutively.  On June 18, 2008, appellant appealed his conviction to this Court.  *State v. Green*, 5th Dist. Knox No. 08-CA-20, 2009-Ohio-2065.  In this direct appeal, appellant argued as follows: (1) the indictment was defective; (2) ineffective assistance of trial counsel; and (3) the mens rea in the jury instructions was incorrect.  On May 1, 2009, this Court affirmed the judgment of the Knox County Court of Common Pleas.  *Id.*

{¶4}   On March 11, 2015, appellant filed a motion to vacate and dismiss void judgment. Appellant argued that the trial court lacked jurisdiction over him because he was not sworn in under oath during the grand jury proceedings, the indictment was defective, and the arrest warrant issued for him was not valid.  The trial court denied appellant's motion. Appellant appealed to this Court and argued: "(1) the trial court

abused its discretion by not ordering an evidential hearing on a challenge of jurisdiction of personam and subject-matter and (2) the trial court abused its discretion in denying defendant's challenge of jurisdiction in response of ruling defendant's challenge of jurisdiction as a post-conviction petition." In *State v. Green*, 5th Dist. Knox No. 15-CA-13, 2015-Ohio-4441, we overruled appellant's assignments of error and affirmed the judgment entry of the trial court.

{¶5} Appellant filed a motion for reconsideration of sentence to correct and resentence on December 6, 2017. Appellant argued he was not properly notified of post-release control for Count 1 and the trial court erred in sentencing him to a definite term of life imprisonment and instead should have imposed an indefinite prison term. Appellee filed a memorandum in opposition to appellant's motion on December 11, 2017. Appellant filed a response to the State's opposition on December 26, 2017. On January 22, 2018, the trial court denied appellant's motion.

{¶6} Appellant appeals the January 22, 2018 judgment entry of the Knox County Court of Common Pleas and assigns the following as error:

{¶7} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONVEYING DEFENDANT BACK TO COURT FOR SENTENCING MANDATED BY LAW. DEFENDANT'S SENTENCING ENTRY STATES "DEFINITE TERM OF LIFE" AND DOES NOT STATE ANY TERMS OF POST-RELEASE CONTROL. THE APPELLANT'S SENTENCE DOES NOT SATISFY STATUTORY REQUIREMENTS."

{¶8} Appellant makes two separate arguments in his appellate brief. First, he contends the trial court failed to state a term of post-release control as mandated by law and he was not properly notified of his post-release control. Second, he argues that the

trial court erred when it did not impose an indefinite prison term under R.C. 2971.03(A)(3) and instead imposed a definite term of life imprisonment.

{¶9} Appellant first claims the trial court failed to state a term of post-release control as mandated by law and that he was not properly notified of his post-release control. In *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, the Ohio Supreme Court identified what information the sentencing entry must contain to validly impose post-release control in which the trial court made the proper advisements at the sentencing hearing. The Ohio Supreme Court found the sentencing entry must contain the following information: (1) whether post-release control is discretionary or mandatory; (2) the duration of the post-release control period, and (3) a statement to the effect that the Adult Parole Authority (APA) will administer the post-release control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute. *Id.* The Ohio Supreme Court further stated that when an appellant does not introduce a transcript of the sentencing hearing into the record, the Court must "assume the regularity of the sentencing hearing." *Id.*

{¶10} In this case, the trial court did state the term of post-release control in the sentencing entry as five (5) years. Pursuant to R.C. 2929.19(B)(2)(c) and R.C. 2967.28(B)(1), the proper term of post-release control for appellant in this case is five (5) years. In reviewing the post-release control notification language in the 2008 judgment entry, we find the language to be sufficient under the authority of *Grimes. Id.* The transcript of the 2008 sentencing has not been filed or made part of the record in this case on appeal. Therefore, we must "assume the regularity of the sentencing hearing." *Id.*;

*State v. Brown*, 5th Dist. Richland No. 17CA55, 2017-Ohio-8997; *State v. Persinger*, 5th Dist. Morrow No. 2017CA0007, 2018-Ohio-1076. Accordingly, we find the trial court did not err in overruling appellant's motion to correct sentence, as appellant was properly notified of his post-release control sanction.

{¶11} As to appellant's second argument, appellant's claim that the trial court erred when it did not impose an indefinite prison term and instead imposed a definite term of life imprisonment could have been raised in his direct appeal. *State v. Wolfe*, 5th Dist. Delaware No. 16 CAA 02008, 2016-Ohio-4616. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). As this Court has previously held, "a defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence * * *." *State v. Lindsay*, 5th Dist. Richland No. 16CA39, 2017-Ohio-595. Therefore, appellant's argument is barred by res judicata.

{¶12} Further, appellant cannot show that R.C. 2971.03(A)(3) applies to his conviction of rape under R.C. 2907.02(A)(1)(b). R.C. 2971.03(A)(3)(a) states, in pertinent part, "* * * if the offense for which the sentence is being imposed is an offense other than aggravated murder, murder, or rape and other than an offense for which a term of life imprisonment may be imposed, it shall impose an indefinite prison term * * *." Thus, the plain language of R.C. 2971.03(A)(3)(a) specifically excludes from its mandates any person who was convicted of rape. Appellant was convicted of rape pursuant to R.C.

2907.02(A)(1)(b); thus, the provisions of R.C. 2971.03(A)(3) are not applicable in this case. The trial court did not err when it did not impose an indefinite prison term under R.C. 2971.03(A)(3) and instead imposed a definite term of life imprisonment and did not err when it denied his motion to correct sentence.

{¶13} Based on the foregoing, appellant's assignment of error is overruled. The January 22, 2018 judgment entry of the Knox County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur