[Cite as *State v. Wetzel*, 2019-Ohio-826.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO, | : | Hon. W. Scott Gwin, P.J. |
| EX REL. SHANE L. GREEN | : | Hon. William B. Hoffman, J. |
|  | : | Hon. John W. Wise, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 18CA15 |
|  | : |  |
| RICHARD WETZEL, JUDGE | : |  |
|  | : | OPINION |
| Respondent |  |  |

CHARACTER OF PROCEEDING:  Writ of Mandamus

JUDGMENT:  Dismissed

DATE OF JUDGMENT ENTRY:  March 8, 2019

APPEARANCES:

For Relator      For Respondent

SHANE L. GREEN PRO SE   CHARLES T. MCCONVILLE
MCI# 578-590      Knox County Prosecutor
Box 57        117 E. High Street, Ste. 234
Marion, OH 43301     Mount Vernon, OH 43050

*Gwin, P.J.*

{¶1} Relator Shane Green has filed a Complaint for Writ of Mandamus requesting this Court order a new sentencing hearing. He seeks to have this Court order the trial court to impose an indefinite sentence of life as well as properly impose post-release control. Respondent has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

{¶2} To be entitled to a writ of mandamus, a relator must establish by clear and convincing evidence a clear legal right to the requested relief, a clear legal duty on the part of the respondent to grant that relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13; *State ex rel. Perry Twp. Bd. of Trustees v. Husted, Secy.*, 2018-Ohio-3830.

{¶3} Relator previously raised both issues presented in this petition in Knox County Case Number 18-CA-03.[1] This Court found the sentencing issue was barred by res judicata because Relator could have raised the issue on direct appeal. Further, we found the term of post-release control was properly imposed.

{¶4} "[U]nder the doctrine of res judicata, an existing final judgment or decree binding the parties is conclusive as to all claims that were or could have been litigated in a first lawsuit. *Grava*, 73 Ohio St.3d at 381–382, 653 N.E.2d 226. Res judicata requires

---

[1] In that case, we noted, "Appellant makes two separate arguments in his appellate brief. First, he contends the trial court failed to state a term of post-release control as mandated by law and he was not properly notified of his post-release control. Second, he argues that the trial court erred when it did not impose an indefinite prison term under R.C. 2971.03(A)(3) and instead imposed a definite term of life imprisonment." *State v. Green*, 5th Dist. Knox No. 18-CA-3, 2018-Ohio-1493, ¶ 8.

a plaintiff to present every ground for relief in the first action or be forever barred from asserting it. *Id.*" *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015–Ohio–1553, 34 N.E.3d 903, ¶ 8 (2015).

{¶5} Because Relator raised these issues in previous actions, he is barred by the doctrine of res judicata from re-litigating those issues in this case.

{¶6} Relator has failed to demonstrate he is entitled to the issuance of a writ of mandamus, therefore, the motion to dismiss is granted.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur