[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Green v. Wetzel,* Slip Opinion No. 2019-Ohio-4228.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4228

THE STATE EX REL. GREEN, APPELLANT, *v.* WETZEL, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Green v. Wetzel,* Slip Opinion No. 2019-Ohio-4228.]

*Mandamus—Appellant had adequate remedy at law by way of appeal—Court of appeals' judgment dismissing petition affirmed.*

(No. 2019-0540—Submitted August 6, 2019—Decided October 17, 2019.)

APPEAL from the Court of Appeals for Knox County, No. 18CA15, 2019-Ohio-826.

_____

**Per Curiam.**

{¶ 1} Appellant, Shane L. Green, appeals the judgment of the Fifth District Court of Appeals dismissing his petition for a writ of mandamus to compel appellee, Knox County Court of Common Pleas Judge Richard Wetzel, to resentence him. We affirm.

**Background**

**{¶ 2}** In May 2008, a jury found Green guilty of rape of, and gross sexual imposition on, a child less than 13 years of age. The trial court sentenced Green to "a definite term" of life imprisonment for the rape count and a consecutive prison term of five years for the gross-sexual-imposition count. The trial court also imposed a five-year term of postrelease control. The court of appeals affirmed. *State v. Green*, 5th Dist. Knox No. 08-CA-20, 2009-Ohio-2065.

**{¶ 3}** In 2015, Green filed a petition for postconviction relief; the trial court denied it, and the court of appeals affirmed. *State v. Green*, 5th Dist. Knox No. 15-CA-13, 2015-Ohio-4441. Green sought reconsideration, arguing that he was not properly notified of postrelease control and that the trial court erred by sentencing him to a definite term of life imprisonment. *State v. Green*, 5th Dist. Knox No. 18-CA-3, 2018-Ohio-1493, ¶ 5. The court of appeals rejected both arguments, holding that the trial court's postrelease-control notification was sufficient and that the doctrine of res judicata barred Green's challenge to his life sentence because it could have been raised on direct appeal. *Id*. at ¶ 10-11.

**{¶ 4}** In September 2018, Green filed a complaint for a writ of mandamus in the Fifth District Court of Appeals, arguing that his sentence is void because the trial court failed to properly notify him of his postrelease control and improperly sentenced him to a definite term of life in prison. In March 2019, the court of appeals granted Judge Wetzel's motion to dismiss the complaint under Civ.R. 12(B)(6), concluding that res judicata barred both arguments.

**{¶ 5}** Green filed a timely notice of appeal.

**Law and Analysis**

**{¶ 6}** As an initial matter, the court of appeals erred when it dismissed Green's mandamus complaint on res judicata grounds. Res judicata is an affirmative defense, Civ.R. 8(C), that "may not be raised by motion to dismiss under Civ.R. 12(B)." *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579

N.E.2d 702 (1991). Nevertheless, we will not " 'reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof.' " *Salloum v. Falkowski*, 151 Ohio St.3d 531, 2017-Ohio-8722, 90 N.E.3d 918, ¶ 12, quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990).

{¶ 7} A court may dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. We apply a de novo review to a dismissal under Civ.R. 12(B)(6). *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

{¶ 8} To be entitled to a writ of mandamus, Green must show (1) a clear legal right to the requested relief, (2) a clear legal duty on Judge Wetzel's part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

{¶ 9} Green makes two arguments in support of his claim that his sentence is void.

{¶ 10} First, he argues that he is entitled to resentencing because a definite term of life in prison is not a valid sentence for rape of a child under age 13 with no associated specifications. But that claim is not cognizable in mandamus, since "sentencing errors are generally not remediable by extraordinary writ, because the defendant usually has an adequate remedy at law available by way of direct appeal." *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3. Here, Green had an adequate remedy at law because he could have challenged the sentence on direct appeal, *State ex rel. Hunter v. Binette*, 154 Ohio St.3d 508, 2018-Ohio-2681, 116 N.E.3d 121, ¶ 20, and he did present this

claim—albeit unsuccessfully—in a postconviction petition, *see Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 5.

**{¶ 11}** Second, Green contends that the trial court failed to impose postrelease control for both counts and that the sentencing entry therefore was not a final, appealable order. However, a trial court's failure to include mandatory postrelease control for both counts in a sentencing entry

> does not deprive the appellate court of jurisdiction to consider and correct the error. In fact, R.C. 2953.08(G)(2)(b) expressly authorizes a reviewing court to modify or vacate any sentence that is "contrary to law." Clearly, no such authority could exist if an unlawful sentence rendered a judgment nonfinal and unappealable.

*State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 39. Accordingly, Green could have raised on direct appeal the trial court's alleged failure to notify him of postrelease control on one of his counts.

**{¶ 12}** Because Green had an adequate remedy at law by way of appeal, we affirm the dismissal of his mandamus action.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Shane L. Green, pro se.

Charles T. McConville, Knox County Prosecuting Attorney, for appellee.

_____