**[Cite as *State v. Nunez*, 2020-Ohio-46.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28457 |
| | : | |
| v. | : | Trial Court Case No. 1999-CR-3442 |
| | : | |
| SALVADORE GOMEZ NUNEZ | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of January, 2020.

. . . . . . . . . . .

MATHIAS H. HECK JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

SALVADORE GOMEZ NUNEZ, #A486-307, P.O. Box 69, London, Ohio 43140
      Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} On December 10, 2004, Salvatore Gomez Nunez was convicted of the murders of two men and was sentenced to two consecutive sentences of 15 years to life, each with a three-year firearm specification, for an aggregate sentence of 36 years to life in prison. Upon direct appeal, this court determined the aggregate sentence was greater than the 30-years-to-life potential maximum sentence that had been represented to Mexican authorities in order to obtain Nunez's extradition from that country. This court reversed and remanded for resentencing.

{¶ 2} On January 27, 2006, after remand, Nunez was sentenced to two consecutive sentences of 15 years to life, for an aggregate sentence of 30 years to life. Both the original sentencing and the resentencing entries assessed court costs, which included an amount of $6,964.63 for extradition costs. Total costs assessed amounted to $7,861.63 at the time of the original sentencing and grew to $7,906.63 at the time of resentencing.

{¶ 3} Although Nunez had previously filed motions in 2007 and 2010 to vacate court costs, which were denied, he filed another motion to vacate court costs on May 23, 2019. His argument in the memorandum in support of the motion related to the trial court's failure to inform him at the resentencing of the opportunity to perform community service in lieu of payment of court costs. Nevertheless, the State responded with a memorandum contra citing R.C. 2947.23(C), which became effective March 22, 2013; R.C. 2947.23(C) modified prior case law and provided that a trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * *, at the time of sentencing or at any time thereafter." However, the State explained that in the case of *State v. Braden*, Ohio Slip Opinion No. 2018-Ohio-5079, __ N.E.3d __ (*Braden I*), the Supreme

Court held that R.C. 2947.23(C) was not retroactive and did not apply to sentences entered prior to the statute's effective date of March 22, 2013. Therefore, the State argued, Nunez's motion could not be granted. Shortly after the State's response, on June 18, 2019, the trial court ruled: "Upon consideration of the *State v. Braden*, 2018-Ohio-5079, the Court OVERRULES the Motion to Vacate Court Costs."

{¶ 4} In the interim, on reconsideration, the Supreme Court reversed the *Braden I* decision in *State v. Braden,* Ohio Slip Opinion No. 2019-Ohio-4204, __N.E.3d __ (*Braden II),* and held that 2947.23(C) *does* allow a court to waive, suspend, or modify payment of costs of prosecution at any time, regardless of when the costs were assessed.

{¶ 5} In this appeal, Nunez filed a notice of supplemental authority directing our attention to *Braden II*. The State has filed a notice of conceded error, pursuant to Loc.R. 2.24 of the Second District Court of Appeals of Ohio, indicating that the State does not contest the error raised and that the error is dispositive of the appeal. The State's brief also refers to the change in the law as a result *of Braden II.*

{¶ 6} Upon review, we agree that as a result of *Braden II,* decided October 16, 2019, the trial court's June 18, 2019 decision denying Nunez's motion to vacate costs, while correct under the law as it existed at that time, is no longer correct. Accordingly, we reverse the judgment of the trial court on the basis of *Braden II* and remand this case for the trial court to consider the merits of Nunez's motion to vacate costs.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck Jr.
Andrew T. French
Salvadore Gomez Nunez
Hon. Richard Skelton