[Cite as *State v. Webb*, 2020-Ohio-3132.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                             Court of Appeals No. E-18-056

       Appellee                   Trial Court No. 2008-CR-0628

v.

Donald E. Webb, Jr.               **DECISION AND JUDGMENT**

       Appellant                 Decided:  May 29, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Donald E. Webb, Jr., pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Donald E. Webb, Jr., appeals from the September 19, 2018 judgment of the Erie County Court of Common Pleas denying appellant's motion to vacate/waive and/or stay court costs.  For the reasons which follow, we affirm.

{¶ 2} Appellant was convicted and sentenced in 2009 following the acceptance of his guilty plea. In the sentencing judgment, the trial court sentenced appellant to an agreed recommended imprisonment term on each count and ordered appellant to pay court costs, fines, and the costs of prosecution. No appeal was taken from the judgment of conviction and sentencing. On October 26, 2016, the clerk certified that appellant owed a total of $2,261.50.

{¶ 3} On October 31, 2016, the Erie County prosecutor attached appellant's prisoner account to satisfy the full obligation of $2,261.50 pursuant to R.C. 2329.66, R.C. 5120.133, and Ohio Adm.Code 5120-5-03(D). Thereafter, the Department of Rehabilitation and Correction began to garnish all but $25 of appellant's funds each month.

{¶ 4} On January 25, 2017, appellant filed a motion for modification of court costs to limit the withdrawals to $30 per month or to suspend collection until his release from prison because he had limited funds of $50 each month and needed those funds for personal expenses. He asserted that R.C. 2947.23, amended March 22, 2013, permitted the court to waive, suspend, or modify court costs. He attached an affidavit of indigency. The state opposed the motion.

{¶ 5} On February 7, 2017, the trial court denied appellant's motion on the ground that collection was a matter controlled by statute and appellant had failed to demonstrate that the statutory restrictions had been violated. The court refused to suspend or institute a payment plan or permit money to be taken from exempt funds. Furthermore, the court

2.

indicated appellant could move to have the court impose community service in lieu of payment due to his indigency. No appeal was taken from that judgment.

{¶ 6} On September 14, 2018, appellant filed a second motion to vacate/waive and/or stay collection of court costs pursuant to R.C. 2947.23(C). This motion presented essentially the same issues as the prior motion. The state again opposed the motion.

{¶ 7} On September 19, 2018, the trial court denied the motion. The trial court held that indigency does not preclude assessment of court costs and costs of prosecution. Furthermore, the court again refused to establish a payment plan or permit money to be taken from exempt funds. The court also reiterated that collection is controlled by statute and that any sum in a prison account over $25 could be attached. This time, appellant filed an appeal. On appeal, appellant asserts the following assignments of error:

> I. First Assignment of Error: A trial court must consider a defendant's present and future ability to pay court costs when considering a motion filed in [sic] pursuant to R.C. 2947.23(C).

> II. Second Assignment of Error: An inmates [sic] account cannot be garnished unless it retains more than $400 in it within a ninety day period as defined in R.C. 2329.66(A)(3).[1]

---

[1] We have taken the assignments of error from page i of appellant's brief in lieu of the required "statement of the assignments of error" required by App.R. 16(A)(3). We note that appellant asserts a different assignment of error in the body of his brief. Although the assignments of error are stated differently, we have addressed the substance of both assignments of error.

3.

III.  Third Assignment of Error:  Court costs portion of

appellant's sentence is void when trial court failed to notify the

appellant of forty hours community service. [sic]

{¶ 8} With regard to the first assignment of error, we find the trial court should not have considered appellant's second motion.  The court already addressed the same issues in an earlier motion; therefore, the issue of waiver of costs was barred by the doctrine of res judicata unless appellant could demonstrate a change of circumstances.  *State ex rel. Richard v. Chambers-Smith*, 157 Ohio St.3d 16, 2019-Ohio-1962, 131 N.E.3d 16, ¶ 8; *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 5.  Since the same factual basis was presented in both motions, we find there was no change in circumstances.  The filing of a repetitive motion is not a substitute for appeal.  Therefore, we find appellant's first assignment of error not well-taken.

{¶ 9} In his second assignment of error, appellant asserts his prison account cannot be garnished pursuant to R.C. 2329.66(A)(3), because it contains less than $400.  He asserts that Ohio Adm.Code 5120-5-03(E) is in direct conflict with R.C. 2329.66(A)(3) and this court must apply the rule of lenity pursuant to R.C. 2901.04(A) to construe the statute in his favor.

{¶ 10} This argument was not raised by appellant in his first motion challenging the garnishment of funds in his prison account.  In the state's memorandum in opposition, it argued the state can collect court costs by attachment of the money in a prisoner's

4.

account over $25 pursuant to R.C. 5120.133 and Ohio Adm.Code 5120-5-03. The trial court held that the attachment was proper in this case. Appellant did not appeal.

{¶ 11} In his second motion, appellant asserts that R.C. 5120.133 and Ohio Adm.Code 5120-5-03 conflict with R.C. 2329.66 regarding the minimum balance that must be left in the prisoner's account. This argument could have been raised in connection with the first motion because it was based on the same facts, but it was not. Appellant attempted to raise it as a new argument in his second motion. Because appellant could have raised the issue in his first motion, he is precluded from doing so in his second motion under the doctrine of res judicata. *Robinson* at ¶ 8; *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8.

{¶ 12} Furthermore, we are unable to address appellant's argument because he failed to exhaust his administrative remedies.

{¶ 13} R.C. 2949.14 requires that "[u]pon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify * * * * a complete itemized bill of the costs made in such prosecution * * * [and] attempt to collect the costs from the person convicted." The judgment assessing costs becomes a civil judgment to be collected pursuant to R.C. 2333.21 or 5120.133, which is applicable to incarcerated defendants. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15, *superseded by statute on other grounds in State v. Braden*, Slip Opinion Nos. 2017-1579 and 2017-1609, 2019-Ohio-4204, ¶ 23-24; *Dibert v. Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 44 (2d Dist.).

5.

**{¶ 14}** R.C. 2333.21 provides

> The judge may order any property of the judgment debtor that is not exempt by law to be applied toward the satisfaction of the judgment, but the earnings of the judgment debtor for personal services shall be applied only in accordance with sections 2329.66 and 2329.70 and Chapter 2716 of the Revised Code.

**{¶ 15}** Furthermore, R.C. 5120.133 authorizes the Department of Rehabilitation and Correction to distribute funds from an inmate's account to satisfy a court judgment. Ohio Adm.Code Sec. 5120-5-03 establishes guidelines and procedures for withdrawal of money from an inmate's account. The rule allows the department to apply money in the inmate's account toward payment of a stated obligation pursuant to a certified copy of a judgment entry issued in a matter involving the inmate so long as $25 remains in the account for the inmate's expenditures. Ohio Adm.Code 5120-5-03(E). However, R.C. 5120.133(B) also provides that: "The rules shall not permit the application or disbursement of funds belonging to an inmate if those funds are exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order pursuant to section 2329.66 of the Revised Code or to any other provision of law."

**{¶ 16}** R.C. 2329.66(A)(3) provides that

> (A) Every person who is domiciled in this state may hold property exempt from * * * attachment * * * to satisfy a judgment or order, as follows:

6.

* * *

(3) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person, *other than personal earnings*.

* * *

(13) Except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, personal earnings of the person owed to the person for services in an amount equal to the greater of the following amounts:

(a) If paid weekly, thirty times the current federal minimum hourly wage; if paid biweekly, sixty times the current federal minimum hourly wage; if paid semimonthly, sixty-five times the current federal minimum hourly wage; or if paid monthly, one hundred thirty times the current federal minimum hourly wage that is in effect at the time the earnings are payable, as prescribed by the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. 206(a)(1), as amended;

(b) Seventy-five per cent of the disposable earnings owed to the person. (Emphasis added.)

7.

{¶ 17} Because R.C. 5120.133(B) and Ohio Adm.Code 5120-5-03(C) specifically indicate the garnishment of prisoner's funds is limited by R.C. 2329.66, the two statutes are not conflicting. *Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 47; *State v. Holliday*, 5th Dist. Fairfield No. 10 CA 54, 2011-Ohio-4211, ¶ 10.

Furthermore, Ohio Adm.Code 1520-5-03(C) requires that the warden's designee shall promptly deliver to the inmate adequate notice of the court-ordered debt and its intent to seize money from his/her personal account. The required notice must inform the inmate of a right to claim exemptions and types of exemptions available under section 2329.66 of the Revised Code and a right to raise a defense as well as an opportunity to discuss these objections with the warden's designee. This practice provides safeguards to minimize the risk of unlawful deprivation of inmate property.

{¶ 18} Therefore, appellant was required to timely present an objection to the garnishment of his prisoner account so the department could determine if the funds were exempt from garnishment. Appellant asserts on appeal that he objected based on R.C. 2329.66(A)(3), but he does not assert that he complied with this administrative requirement to file an objection with the Department of Rehabilitation and Correction. In any event, he must appeal from the administrative decision and cannot raise the issue in a motion filed in the trial court. *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 111, 564 N.E.2d 477 (1990).

{¶ 19} Therefore, we find appellant's second assignment of error not well-taken.

8.

{¶ 20} In his third assignment of error, appellant argues his sentence is void because the trial court failed to notify the appellant he would be required to complete forty hours of potential community service pursuant to R.C. 2947.23(A)(1)(a) if he failed to pay the court costs. Appellant did not assert this collateral attack on the sentencing judgment in the proceedings below and, therefore, the issue is barred from consideration on appeal. *State v. Anderson*, 151 Ohio St.3d 212, 2017-Ohio-5656, 87 N.E.3d 1203, ¶ 44.

{¶ 21} Furthermore, appellant's argument lacks merit. At the time of appellant's sentencing in 2009, this notice provision was mandatory. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 235. The failure to comply with the notice requirement was grounds for reversal of the judgment of conviction on appeal. *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423, ¶ 10. A failure to comply with the notice requirement does not render the imposition of court costs order void because costs are a civil obligation and not punishment. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 20, *superseded by statute on other grounds as stated in Braden*, Slip Opinion Nos. 2017-1579 and 2017-1609, 2019-Ohio-4204; *State v. Wright*, 9th Dist. Summit No. 27880, 2016-Ohio-3542, ¶ 7; *State v. Chapman*, 5th Dist. Richland No. 15CA20, 2015-Ohio-3114, ¶ 10-11.

{¶ 22} However, in this case, appellant never appealed the judgment of conviction and the issue is now barred by the doctrine of res judicata. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17, quoting *State v. Perry*, 10 Ohio St.2d 175,

9.

226 N.E.2d 104 (1967), paragraph nine of the syllabus; *State v. Straley*, Slip Opinion No.

2018-1176, 2019-Ohio-5206, ¶ 36 (Kennedy, J., concurring in judgment only)

(res judicata bars relitigation of compliance with mandatory sentencing provisions);

*Rarden v. Warden, Warren Correctional Inst.*, S.D.Ohio No. 1:12-cv-660, 1:12-cv-756,

2014 WL 497266, *3-4 (2014).

{¶ 23} Therefore, we find appellant's third assignment of error not well-taken.

{¶ 24} Having found that the trial court did not commit error prejudicial to

appellant and that substantial justice has been done, the judgment of the Erie County

Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal

pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.



Mark L. Pietrykowski, J.          _____
                                                       JUDGE

Arlene Singer, J. _____
CONCUR.                                  _____
                                                       JUDGE



Gene A. Zmuda, P.J.,
DISSENTS AND WRITES
SEPARATELY.

**ZMUDA, P.J.**

{¶ 25} Because I disagree with the majority's application of the doctrine of res judicata in this case, and because the trial court failed to address appellant's substantive arguments in its decision, I would reverse the trial court's judgment and remand this matter to the trial court for reconsideration of appellant's motion.

{¶ 26} As to the res judicata issue, R.C. 2947.23(C) provides, "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing *or at any time thereafter*." (Emphasis added.)

{¶ 27} In rejecting appellant's first assignment of error, the majority finds that the trial court should not have considered appellant's request for waiver of costs, because the trial court had already denied such a request from appellant previously, and therefore the issue was barred under the doctrine of res judicata. The majority cites the Ohio Supreme Court's decision in *State ex rel. Richard v. Chambers-Smith*, 157 Ohio St.3d 16, 2019-Ohio-1962, 131 N.E.3d 16, and *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 5, to support its application of res judicata here. However, neither of these cases involved a second request for waiver of costs under R.C. 2947.23(C). Rather, these cases stand for the general proposition that "[a] party is barred [by res judicata] from filing successive motions based on the same grounds and facts." *Chambers-Smith* at ¶ 8; *see also Robinson* at ¶ 8 (petition for writ of mandamus challenging the constitutionality of prison

11.

sentence under allied offenses statute was barred under res judicata because the defendant had filed a similar challenge in a previous case).

{¶ 28} Importantly, the applicability of res judicata to requests for waiver of costs under R.C. 2947.23(C) was recently examined by the Ohio Supreme Court in *State v. Braden*, --- Ohio St.3d ----, 2019-Ohio-4204, --- N.E.3d ----. There, the court rejected the notion that a defendant who fails to request waiver of costs at sentencing is barred from receiving such relief under res judicata. In so doing, the court clarified that R.C. 2947.23(C) "gives the trial court continuing jurisdiction to waive, suspend or modify, in its discretion, the payment of costs." *Id*. at ¶ 30. Subsequently, the Second District issued its decision in *State v. Nunez*, 2d Dist. Montgomery No. 28457, 2020-Ohio-46, in which it applied *Braden* and R.C. 2947.23(C) in a case in which the trial court summarily denied a defendant's third motion to vacate costs. The Second District found that the trial court erroneously dismissed the motion to vacate, reversed the trial court's judgment, and remanded the matter back to the trial court for a consideration of the merits of the motion to vacate. *Id*. at ¶ 6.

{¶ 29} In light of the foregoing, I would not summarily reject appellant's first assignment of error under the doctrine of res judicata. Notably, the trial court did not deny appellant's motion based upon res judicata. Rather, the court denied appellant's motion on the merits, after concluding that appellant's indigency status, alone, was not a sufficient basis to justify vacating costs in this matter.

12.

{¶ 30} Apart from stating that indigency alone is not a basis for the waiver of costs under R.C. 2947.23(C), the trial court, in denying appellant's motion, did not articulate why appellant's costs should not be waived in this case. Appellant's argument before the trial court was not merely that he is indigent—appellant filed an affidavit of indigency and also argued that he did not have the present or future ability to pay his costs. In support of his argument, appellant noted that he will not be eligible for parole until he is 69 years of age, at which point it would be impossible to secure gainful employment in order to pay costs.

{¶ 31} The trial court did not address this argument, and it is unclear from the court's entry whether it even considered the argument. Instead, the trial court limited its analysis to a finding that indigency alone does not warrant the waiver of costs. Interestingly, the trial court denied appellant's request to pay $3.00 per month toward his costs because it found that appellant failed to demonstrate that he was capable of making such payments, thereby suggesting that the court was skeptical as to appellant's ability to pay his costs. Absent any analysis as to appellant's arguments, however, we are left to speculate.[2]

---

[2] Whether the trial court is required to consider a defendant's ability to pay when rendering a decision on a motion for waiver of costs under R.C. 2947.23(C) is the subject of two cases that are currently pending before the Ohio Supreme Court. *See State v. Taylor*, 2d Dist. Montgomery No. 27539, 2018-Ohio-1649, and *State v. Sibrian*, 2d Dist. Montgomery No. 27964, 2019-Ohio-1262. I do not base my findings in this decision merely on the trial court's failure to consider appellant's ability to pay. Rather, I take issue with the trial court's lack of analysis of appellant's arguments, and the effect that it has on our ability to conduct a meaningful appellate review in this case.

13.

{¶ 32} The court's lack of analysis of appellant's arguments contained in his motion to vacate precludes us from performing meaningful appellate review of its decision under an abuse-of-discretion standard.

> The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). Unless the reason or reasons for the trial court's decision are apparent from the face of the record, it is not possible to determine if the decision is reasonable without some explanation of the reason or reasons for that decision.

*State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 17.

{¶ 33} As a result of the trial court's failure to address appellant's substantive arguments in its decision, I would reverse the order of the trial court and remand this matter to the trial court for reconsideration of appellant's motion, "with directions to provide a sufficient explanation of the reason or reasons for the trial court's decision to permit us to review that decision." *Id*. at ¶ 18.

{¶ 34} In sum, I would find appellant's first assignment of error well-taken, which would render the remaining assignments of error moot. Because the majority holds otherwise, I respectfully dissent.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.