[Cite as *State v. Green*, 2021-Ohio-3295.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 20CA000015 |
| SHANE L. GREEN | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Knox County Court of
Common Pleas, Case No. 08CR01-0005

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    September 17, 2021

APPEARANCES:

For Plaintiff-Appellee

CHARLES T. McCONVILLE
Knox County Prosecuting Attorney

NICOLE E. DERR
Assistant Prosecuting Attorney
117 East High Street – Suite #234
Mount Vernon, Ohio 43050

For Defendant-Appellant

JAMES S. SWEENEY
James Sweeney Law, LLC
285 South Liberty Street
Powell, Ohio 43065

SHANE LEE GREEN, Pro Se
Inmate No. A578-590
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301-0057

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Shane L. Green appeals the judgment entered by the Knox County Common Pleas Court overruling his motion to vacate a void sentence. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** Appellant was indicted on January 8, 2008, by the Knox County Grand Jury on one count of rape of a child under the age of ten, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and one count of gross sexual imposition, in violation of R.C. 2097.05(A)(4), a felony of the third degree. Appellant was accused of raping his eight-year-old biological daughter.

**{¶3}** After a jury trial, Appellant was convicted of both counts and sentenced to a definite term of life imprisonment on Count One and a term of five years on Count Two, with the terms to run consecutively. On June 18, 2008, Appellant appealed his conviction to this Court. On May 1, 2009, this Court affirmed the judgment of the Knox County Court of Common Pleas. *State v. Green*, 5th Dist. Knox No. 08–CA–20, 2009–Ohio–2065.

**{¶4}** Appellant filed a motion to vacate and dismiss a void judgment in 2013, which was denied by the trial court. Appellant filed a second motion to vacate and dismiss a void judgment in 2015, which was denied by the trial court. Appellant appealed to this Court, and we affirmed the decision of the trial court. *State v. Green,* 5th Dist. Knox No. 15-CA-13, 2015-Ohio-4441.

**{¶5}** In 2017, Appellant filed a motion for reconsideration of his sentence. The trial court overruled his motion, and Appellant appealed to this Court. We affirmed the

---

[1] A rendition of the facts is not necessary to our resolution of the issues raised on appeal.

decision of the trial court. *State v. Green*, 5th Dist. Knox No. 18-CA-3, 2018-Ohio-1493. Appellant then filed a complaint for a writ of mandamus in this Court, seeking a new sentencing hearing. This Court dismissed the complaint, finding the sentencing issues raised in the complaint were barred by res judicata. *State ex rel. Green v. Wetzel,* 5th Dist. Knox No. 18CA15, 2019-Ohio-826, ¶ 5. Our decision was affirmed by the Ohio Supreme Court. *State ex rel. Green v. Wetzel,* 158 Ohio St.3d 104, 2019-Ohio-4228, 140 N.E.3d 586.

{¶6} On August 14, 2020, Appellant filed a motion to vacate a void sentence. The trial court overruled Appellant's motion on September 8, 2020, finding all sentencing issues barred by res judicata. It is from the September 8, 2020 judgment of the trial court Appellant prosecutes this appeal.

{¶7} Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous. Counsel for Appellant has not raised any potential assignments of error. Counsel states he "has made a thorough review of the record and does not believe that any appealable issues exist." Counsel adds, "As required under *Anders*, Counsel is required to point out possible avenues for an appeal in a case of this nature. Counsel does not see any possible avenues for an appeal."

{¶8} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a

copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶9} Appellant has filed a pro se brief in support of this appeal, assigning as error:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING APPELLANT TO A DEFINITE TERM OF LIFE IMPRISONMENT.

{¶10} "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). As this Court has previously held, "[A] defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence * * *." *State v. Lindsay*, 5th Dist. Richland No. 16CA39, 2017–Ohio–595. Because Appellant

could have challenged his sentence on direct appeal to this Court, Appellant's argument is barred by res judicata.

**{¶11}** Further, while in this Court's 2018 opinion we found Appellant's argument regarding the legality of his definite term of life imprisonment was barred by res judicata, we also addressed the merits of the sentence, finding a definite term of life imprisonment was statutorily appropriate in this case. State v. Green, 5th Dist. Knox No. 18-CA-3, 2018-Ohio-1493, ¶ 12.

**{¶12}** Accordingly, Appellant's assignment of error is overruled.

**{¶13}** After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant Counsel's request to withdraw, and affirm the judgment of the Knox County Court of Common Pleas.


By: Hoffman, P.J.

Delaney, J. and

Wise, Earle, J. concur