[Cite as *State v. Martin*, 2022-Ohio-524.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                    :

                                  No. 110257

    v.                                            :

TREMAIN MARTIN,                                 :

    Defendant-Appellant.                   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 24, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-09-526971-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee*.

Tremain Martin, *pro se*.

ON SUA SPONTE RECONSIDERATION[1]

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Tremain Martin ("Martin") appeals the denial of his motion to vacate a void order and claims the following error:

> The trial court abused its discretion in failing to vacate a revival order that court officials lacked the jurisdiction to enforce.

{¶ 2} After careful review of the record and applicable law, we affirm the trial court's judgment.

## I.     Facts and Procedural History

{¶ 3} In November 2009, Martin pleaded guilty to one count of receiving stolen property and one count of drug possession.  The court sentenced him to 12 months on each count, to be served concurrently, and ordered him to pay $700 in restitution and court costs. Martin did not appeal his convictions or sentence. Three months later, in April 2010, Martin filed a motion to vacate or to suspend court costs, and the trial court denied the motion.

{¶ 4} In August 2017, the clerk of courts issued an assessment of Martin's court costs to a correctional institution, where Martin was serving a prison term in an unrelated case.  Thereafter, Martin filed another motion to vacate court costs and, again, the trial court denied the motion.  Martin then filed a writ of mandamus,

---

[1] This court sua sponte overrules its motion No. 548393, dated August 20, 2021, that denied reconsideration in this case.  The original announcement of decision in *State v. Martin*, 8th Dist. Cuyahoga No. 110257, 2021-Ohio-2523, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C).  *See also* S.Ct.Prac.R. 7.01.

seeking an order mandating that the trial court hold a hearing pursuant to R.C. 2947.23(B). This court dismissed the writ and held that "if relator believes that the imposition of court costs in the first two criminal cases or the imposition of a cognovit judgment in the third criminal case was improper, he possessed an adequate remedy at law through direct appeal." *State ex rel. Martin v. Russo*, 8th Dist. Cuyahoga No. 108231, 2019-Ohio-2242, ¶ 13.

{¶ 5} In December 2020, Martin filed a motion to vacate a void order, again challenging the court's imposition of court costs. Martin argued that the clerk's assessment of court costs in August 2017, constituted an unlawful revival of a dormant judgment. The trial court denied the motion. This appeal followed.

## II. Law and Analysis

{¶ 6} In his sole assignment of error, Martin argues the trial court abused its discretion in failing to vacate an order reviving a dormant judgment of court costs. He contends the order reviving the judgment is void because the trial court lacked authority to revive it.

{¶ 7} Under R.C. 2947.23(C), a trial court retains "jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, * * * at the time of sentencing or at any time thereafter." In *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235, the Ohio Supreme Court held that because R.C. 2947.23(C) authorizes a court to modify the payment of court costs "at the time of sentencing or at any time thereafter," it applies to offenders who were sentenced before the effective date of the statute. *Id.* at ¶ 26-30. Thus, R.C. 2947.23(C)

provides "an exception to res judicata when a defendant did not request waiver at sentencing or challenge his court costs on direct appeal." *Id.* at ¶ 23.

{¶ 8} Nevertheless, R.C. 2947.23 only "allows a defendant to raise the issue of court costs once after sentencing" and "res judicata operates to bar successive motions seeking to relieve the defendant from paying court costs." *State v. Martin*, 8th Dist. Cuyahoga No. 110576, 2021-Ohio-4213, ¶ 10, citing *State v. Sands*, 11th Dist. Lake No. E-18-056, 2020-Ohio-3132 (issue of court costs was barred by res judicata where defendant previously filed similar motions); *State v. Webb*, 6th Dist. Erie No. E-18-056, 2020-Ohio-3132 (issue involving waiver of costs under R.C. 2947.23 was barred by res judicata where court previously considered the issue in an earlier motion.).

{¶ 9} Martin first moved to vacate court costs in 2010, and the trial court denied the motion. Martin filed a second motion to vacate court costs in 2017, and the trial court again denied the motion. Martin filed a third motion to vacate court costs in December 2020. The doctrine of res judicata holds that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

{¶ 10} "The very purpose of res judicata is to deter the repeated litigation of resolved issues, thereby ensuring finality in judgments and the conservation of judicial resources." *Kelm v. Kelm*, 92 Ohio St.3d 223, 227, 749 N.E.2d 299 (2001). Thus, "[w]hile R.C. 2947.23 allows a defendant to raise the issue of court costs once

after sentencing, res judicata operates to bar successive motions seeking to relieve the defendant from paying court costs." *Martin* at ¶ 10.

**{¶ 11}** The sole assignment of error is overruled.

**{¶ 12}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR