[Cite as *State v. Kline*, 2019-Ohio-4704.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28362 |
| | : | |
| v. | : | Trial Court Case No. 1996-CR-3095 |
| | : | |
| TROY L. KLINE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

TROY L. KLINE, Inmate No. 345-512, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43301
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant Troy L. Kline appeals from the trial court's denial of his pro se motion to vacate a void sentence. Kline's sentence was not void, and the asserted sentencing errors could have been, but were not, raised on direct appeal. As such, the doctrine of res judicata barred consideration of the alleged errors. The trial court's judgment will be affirmed.

**Facts and Procedural History**

{¶ 2} In a previous appeal by Kline, we stated the following regarding Kline's 1997 guilty plea:

> The record reflects that Kline pled guilty to fifteen sex offenses in 1997. The offenses included rape (victim under thirteen), felonious sexual penetration (victim under thirteen), gross sexual imposition (victim under thirteen), and illegal use of a minor in nudity-oriented material. Some of the offenses apparently occurred prior to the effective date of S.B. 2, and some occurred after that date. The trial court sentenced Kline accordingly and imposed partially consecutive sentences. His aggregate sentence was thirty to forty-five years in prison.

*State v. Kline*, 2d Dist. Montgomery No. 26544, 2015-Ohio-2429, ¶ 3. Kline did not pursue a direct appeal.[1]

---

[1] The State of Ohio did pursue a successful appeal regarding the trial court's failure to designate Kline as a sexual predator. Contrary to the trial court's determination, we concluded that the trial court had the authority to make such a designation. *State v. Kline*, 2d Dist. Montgomery No. 16453, 1997 WL 762940, *3 (Dec. 12, 1997).

{¶ 3} This appeal arises from Kline's pro se motion filed in the trial court styled as follows: "Motion To Vacate Void Sentence As Being Contrary To Law." The motion argued that the trial court's 1997 sentence was contrary to law based upon the following purported defects: (1) the trial court failed to consider R.C. 2929.11 (purposes of felony sentences) and R.C. 2929.12 (sentencing factors); (2) the imposition of a "maximum consecutive sentence" was not appropriate for a first time offender; (3) since Kline had not previously been sentenced to prison, the record did not support a more-than-minimum sentence; and (4) the sentence was not consistent with sentences imposed for similar conduct. Kline then argued that, since his sentence was contrary to law, it was void, and, thus, subject to appellate review. The trial court overruled the motion, and this appeal followed.

**Analysis**

{¶ 4} Kline has raised the following assignments of error:

THE SENTENCE OF THE TRIAL COURT IS CONTRARY TO LAW BECAUSE IT FAILS TO REFLECT ANY CONSIDERATION OF THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING CONTAINED IN R.C. 2929.11 OR THE SERIOUSNESS AND RECIDIVISM FACTORS OF R.C. 2929.12, FURTHER MAKING SENTENCE AS IMPOSED VOID.

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES OR MORE THAN MINIMUM ON A FIRST TIME OFFENDER.

THE SENTENCE IMPOSED BY THE TRIAL COURT IS

CONTRARY TO LAW AS [IT] IS DISPROPORTIONATE AND IS INCONSISTENT WITH SENTENCES IMPOSED UPON SIMILAR OFFENDERS FOR SIMILAR CRIMES.

{¶ 5} Kline's motion was premised upon the notion that his sentence was void, and his appeal is based on the same premise. Kline is incorrect. If, as here, "the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void and the sentence can be set aside only if successfully challenged on direct appeal." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 23, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6-7. Thus, Kline's 1997 sentence was not void.

{¶ 6} Kline's failure to pursue a direct appeal triggers application of the doctrine of res judicata. "[T]he doctrine [of res judicata] serves to preclude a defendant who has had his day in court from seeking a second trial on that same issue. In doing so, res judicata promotes the principles of finality and judicial economy, by preventing endless litigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Sexton*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. Further, "res judicata bars not only * * * claims that were previously raised, but also 'any issue that could have been raised on direct appeal.' " *State v. Perkins*, 2d Dist. Montgomery Nos. 26788, 26797, 26804, 2016-Ohio-4581, ¶ 8, quoting *Sexton* at ¶ 16.

{¶ 7} Since Kline's sentence was not void and he did not pursue a direct appeal, the asserted sentencing errors are barred by res judicata, and his assignments of error relating to the trial court's denial of his motion to vacate the sentence are overruled.

## Conclusion

{¶ 8} Finding no error, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Troy L. Kline
Hon. Mary Katherine Huffman