[Cite as *State v. Brandon*, 2020-Ohio-5406.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                    :    Appellate Case No. 2019-CA-53
                                               :
v.                                             :    Trial Court Case No. 2016-CR-332
                                               :
ANTOYNE LOVELL BRANDON                         :    (Criminal Appeal from
                                               :    Common Pleas Court)
    Defendant-Appellant                   :
                                               :

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of November, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JOHN C. CUNNINGHAM, Atty. Reg. No. 0082475, 1500 Yankee Park Place, Dayton, Ohio 45458
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Antoyne Lovell Brandon, appeals from a judgment of the Clark County Court of Common Pleas denying his "Motion to Vacate Void Sentence." On December 16, 2019, Brandon's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. On January 13, 2020, this court notified Brandon that his counsel found no meritorious claims to present on appeal and granted Brandon 60 days to file a pro se brief assigning any errors for review.

{¶ 2} On March 23, 2020, Brandon filed a motion requesting an extension of time to file a pro se brief. This court granted Brandon's request and ordered Brandon to file his pro se brief on or before May 14, 2020. On May 18, 2020, Brandon moved this court for a second extension of time to file his pro se brief. In response, this court granted Brandon a second extension and ordered him to file his pro se brief on or before July 6, 2020. Then, due to the tolling order issued by the Supreme Court of Ohio in response to the COVID-19 pandemic, and in conjunction with Am.Sub.H.B. 197, we enlarged Brandon's extension to September 28, 2020. Brandon, however, failed to file a pro se brief; therefore, we conducted an independent review of the record as required by *Anders*. After conducting our independent review, we found no issues with arguable merit for appeal. Therefore, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 3} On July 11, 2016, a Clark County grand jury returned a six-count indictment charging Brandon with two counts of felonious assault, two counts of having a weapon while under disability, one count of discharging a firearm on or near a prohibited premises,

and one count of tampering with evidence. Both of the felonious assault counts and the count for discharging a firearm on or near a prohibited premises included a firearm specification. The two felonious assault counts also included a specification that Brandon committed the offenses by discharging a firearm from a motor vehicle.

{¶ 4} On October 26, 2016, Brandon entered a plea agreement with the State whereby he agreed to plead guilty to one count of felonious assault, a second-degree felony; one count of having a weapon while under disability, a third-degree felony; and one count of tampering with evidence, also a third-degree felony. In exchange for his guilty plea, the State agreed to dismiss the remaining charges in the indictment and all the attendant specifications. After being advised of the plea agreement, the trial court accepted Brandon's guilty plea and ordered a presentence investigation ("PSI") for purposes of sentencing.

{¶ 5} On November 10, 2016, the trial court sentenced Brandon to seven years in prison for felonious assault, 30 months in prison for having a weapon while under disability, and 18 months in prison for tampering with evidence. The trial court ordered these prison terms to run consecutively for a total, aggregate sentence of 11 years in prison. The trial court also ordered Brandon to pay court costs and to forfeit the firearm that he used while committing his offenses. The trial court further advised Brandon that post-release control would be mandatory for a period of three years after he served his time in prison. Brandon did not appeal from his conviction.

{¶ 6} On June 4, 2019, over three years after he was convicted, Brandon filed a "Motion to Vacate Void Sentence." In support of that motion, Brandon argued that his sentence was void because the trial court failed to properly impose a mandatory term of

post-release control as required by R.C. 2967.28. Specifically, Brandon pointed to language in the judgment entry of conviction that read: "The Court has further notified the defendant that post release control is *mandatory optional* in this case for a period of three years." (Emphasis added.) Judgment Entry of Conviction (Nov. 10, 2016), p. 3. Because the trial court improperly included the word "optional" in the judgment entry, Brandon claimed that he was never sentenced to a mandatory term of post-release control. According to Brandon, this error rendered his sentence void and required him to be resentenced.

{¶ 7} On June 20, 2019, the trial court denied Brandon's "Motion to Vacate Void Sentence," because it found that the word "optional" in the judgment entry was merely a "typing error" that could be corrected via "a conviction entry nunc pro tunc." Entry (June 20, 2019). The trial court thereafter filed a nunc pro tunc judgment entry of conviction that omitted the word "optional." The nunc pro tunc entry read as follows: "The Court has further notified the defendant that post release control is **mandatory** in this case for a period of three years." (Emphasis sic.) Amended Nunc Pro Tunc Judgment Entry of Conviction (June 20, 2019), p. 3.

{¶ 8} Brandon now appeals from the trial court's denial of his "Motion to Vacate Void Sentence." As noted above, in proceeding with the appeal, Brandon's appellate counsel filed an *Anders* brief asserting the absence of any non-frivolous issues for appeal; he also asked permission to withdraw. The *Anders* brief includes three potential assignments of error for this court's consideration.

**Standard of Review**

{¶ 9} Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Id.* at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 10} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010-CA-13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen* at ¶ 2.

**First Potential Assignment of Error**

{¶ 11} Under the first potential assignment of error, counsel suggests that Brandon's 11-year prison sentence is contrary to law because the trial court failed to consider the principles and purposes of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. We, however, do not have jurisdiction to review the

trial court's sentencing decision as part of this appeal.

{¶ 12} "When an appeal is taken from a final judgment, only the judgment appealed from is brought before the appellate court, and upon review, the appellate court will affirm, modify or reverse the judgment appealed from." *In re J.L.*, 2d Dist. Montgomery No. 26938, 2016-Ohio-5649, ¶ 19, citing *Troyer v. Goodville Mut. Cas. Co.*, 5th Dist. Holmes No. CA-467, 1993 WL 107979, *1 (Apr. 1, 1993), citing *In re Kurtzhalz*, 141 Ohio St. 432, 48 N.E.2d 657 (1943). "Consequently, an appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 21678, 2007-Ohio-3582, ¶ 10. *Accord State v. White*, 2018-Ohio-2573, 115 N.E.3d 878, ¶ 25 (2d Dist.).

{¶ 13} In this case, Brandon did not appeal from the trial court's conviction, which included his sentence, but from the trial court's judgment denying his "Motion to Vacate Void Sentence." In that motion, Brandon's sole argument for vacating his sentence was that post-release control was not properly imposed due to a typographical error in the judgment entry of conviction. As previously noted, the trial court denied Brandon's motion after finding that the typographical error could be corrected by way of nunc pro tunc entry. Therefore, our review on appeal is limited to the trial court's decision on that matter. Any other matter is beyond the scope of this appeal and cannot be addressed.

{¶ 14} We also cannot address Brandon's sentencing argument because it is barred by the doctrine of res judicata. "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v.*

*Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). "The res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence." *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). It is well established that a challenge to the trial court's consideration of the principles and purposes of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12 is barred by the doctrine of res judicata when it is not pursued in a direct appeal. *See, e.g., State v. Kline*, 2d Dist. Montgomery No. 28362, 2019-Ohio-4704, ¶ 4-7; *State v. Ray*, 8th Dist. Cuyahoga No. 101142, 2014-Ohio-4689, ¶ 4-11; *State v. Steele*, 10th Dist. Franklin No. 18AP-187, 2018-Ohio-3950, ¶ 4-5 and ¶ 16.

{¶ 15} Here, Brandon's claim that the trial court failed to consider the principles and purposes of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12 should have been raised in a direct appeal from his judgment of conviction. Brandon, however, did not file a direct appeal. Because Brandon did not raise the claim in a direct appeal, it is now barred by the doctrine of res judicata.

{¶ 16} Even if it were proper for this court to review Brandon's sentencing argument, the judgment entry of conviction and the transcript of the sentencing hearing both indicate that the trial court considered the principles and purposes of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *See* Judgment Entry of Conviction (Nov. 10, 2016), p. 1; Disposition Tr. (Nov. 10, 2016), p. 8-9.

{¶ 17} Brandon's first potential assignment of error does not have arguable merit.

**Second Potential Assignment of Error**

**{¶ 18}** Under the second potential assignment of error, counsel suggests that the trial court erred by issuing a nunc pro tunc entry to correct the post-release control typographical error in the judgment entry of conviction as opposed to holding a resentencing hearing. We disagree.

**{¶ 19}** A nunc pro tunc entry is an appropriate vehicle for the trial court to correct clerical or typographical errors in a judgment entry. *State v. Donley*, 2017-Ohio-562, 85 N.E.3d 324, ¶ 103 (2d Dist.), citing Crim.R. 36; *State v. Hibbler*, 2d Dist. Clark No. 2019-CA-19, 2019-Ohio-3689, ¶ 20; *State v. Berryman*, 2d Dist. Montgomery No. 25801, 2012-Ohio-5208, ¶ 13. The Supreme Court of Ohio has explained that "where notification of post[-]release control was accurately given at the sentencing hearing, an inadvertent failure to incorporate that notice into the [sentencing entry] may be corrected by a nunc pro tunc entry without a new sentencing hearing." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15.

**{¶ 20}** In this case, the trial court properly advised Brandon at the sentencing hearing that he would be placed on mandatory post-release control for a period of three years after he completed his 11-year prison term. Since the trial court accurately notified Brandon about his mandatory term of post-release control at the sentencing hearing, it was appropriate for the trial court to correct the typographical error in the judgment entry by issuing a nunc pro tunc entry that omitted the word "optional" from the entry. Brandon's claim otherwise lacks merit.

**{¶ 21}** We also note that the Supreme Court of Ohio recently held that "sentencing errors in the imposition of post[-]release control render the sentence voidable, not void,

and the sentence may be set aside if successfully challenged on direct appeal." *State v. Harper*, Ohio Slip Opinion No. 2020-Ohio-2913, __ N.E.3d __, ¶ 42. In so holding, the Supreme Court explained that "any claim that the trial court has failed to properly impose post[-]release control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata." *Id.* at ¶ 43. As a result of this holding, Brandon's argument challenging the trial court's imposition of post-release control is also barred by res judicata as it should have been raised in a direct appeal from his judgment of conviction.

Brandon's second potential assignment of error does not have arguable merit.

### Third Potential Assignment of Error

{¶ 22} The third potential assignment of error submitted by counsel is poorly worded and difficult to discern. We construe it as arguing that Brandon was never given the opportunity to challenge the imposition of fines and court costs because the trial court failed to properly impose fines and court costs at sentencing. Like the first potential assignment of error, this claim is outside the scope of Brandon's appeal, because the issue of fines and court costs was not part of the judgment on appeal. Therefore, we do not have jurisdiction to review Brandon's third potential assignment of error.

{¶ 23} Even if we had jurisdiction to review the matter, the record establishes that Brandon was never required to pay any fines; thus, there were no fines for him to challenge at sentencing. The record also establishes that the trial court properly imposed court costs both at the sentencing hearing and in the judgment entry. *See* Disposition Tr., p. 12; Judgment Entry of Conviction (Nov. 10, 2019), p. 3; Amended Nunc

Pro Tunc Judgment Entry of Conviction (June 20, 2020), p. 3. Therefore, contrary to Brandon's claim otherwise, Brandon was put on notice of his obligation to pay court costs.

{¶ 24} R.C. 2947.23(C) specifically provides that a trial court "retains jurisdiction to waive, suspend, or modify" court costs "at the time of sentencing or at any time thereafter." *See also State v. Taylor*, Ohio Slip Opinion No. 2020-Ohio-3514, __ N.E.3d __, ¶ 7. Therefore, a trial court may waive, suspend, or modify the payment of court costs "at any time, regardless of when the costs were assessed." *State v. Nunez*, 2d Dist. Montgomery No. 28457, 2020-Ohio-46, ¶ 4, citing *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235. If Brandon has an issue with paying court costs, under R.C. 2947.23(C), he has not lost the ability to move for a waiver, suspension, or modification of those costs. That issue, however, cannot be addressed in the instant appeal.

{¶ 25} Brandon's third potential assignment of error does not have arguable merit.

## Conclusion

{¶ 26} After conducting an independent review of the record as required by *Anders*, we find that, based on the facts and relevant law involved, there are no issues with arguable merit to present on appeal. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

John M. Lintz
John C. Cunningham
Antoyne Lovell Brandon
Hon. Richard J. O'Neill